IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF LINDA CORRIGAN and DAVID CORRIGAN,
as Owners of a 2015 24' Yamaha Vessel, Florida          CASE NO.
Registration Number FL4842PY, its engines, tackle,
apparel, appurtenances, etc. for Exoneration
from or Limitation of Liability,

       Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

LINDA CORRIGAN and DAVID CORRIGAN, Petitioners, as owners of a 2015 24' Yamaha Vessel, Florida Registration Number FL4842PY, its engines, tackle, apparel, appurtenances, etc. (the "Vessel"), under Rule F Supplemental Rules for Certain Admiralty and Maritime Claims, Middle District Local Rule 7.06, and 46 U.S.C. § 30501, *et seq.* files his Complaint for Exoneration from or Limitation of Liability, alleging as follows:

1.    This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty and Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2.    Jurisdiction is proper pursuant to 28 U.S.C.A. § 1333 and 46 U.S.C.A. §§ 30501 *et seq.*

3.    Venue is proper in this district under F(9) Supplemental Rules for Certain Admiralty and Maritime Claims, in that the 2015 24' Yamaha vessel has not been attached or arrested and suit has not been commenced against Petitioners, as owners of the 2015 24'

Yamaha vessel with respect to the incident described below, and the 24' Yamaha vessel and the Petitioners are located in/reside in Pinellas County, Florida.

4. Upon information and belief, the Claimants Gaylord Stanton, Lori Battisfore, Flavio Irizarry, Warren Irizarry, Jason Irizarry, and Steven Piazza reside in Stanton-Michigan, Battisfore-Clearwater, Florida, Flavio Irizarry-New Port Richey, Florida, Warren Irizarry – New Port Richey, Florida, Jason Irizarry – New Port Richey, Florida and Steven Piazza – Largo, Florida.

5. The subject vessel is a 2015 24' Yamaha vessel, Florida Registration Number FL4842PY.

6. At all times material to this Complaint, the 24' Yamaha vessel was owned by Petitioners, Linda Corrigan and David Corrigan.

7. At all times material to this action, the 24' Yamaha vessel was seaworthy, properly and efficiently manned, equipped and furnished, and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, etc., all in good order and condition and suitable for their intended use.

8. On or about August 24, 2019, the 24' Yamaha vessel, Florida Registration Number FL4842PY, owned by Linda Corrigan and David Corrigan and operated by Kirk Johnson of Maple Valley, Washington, collided with a 1987 21' Grady White vessel, Florida Registration Number 2263RU, which vessel was owned and operated by Flavio Irizarry and in which Warren Irizarry and Jason Irizarry were passengers. In addition to and immediately following the collision with the Irizarry vessel, the 24' Yamaha vessel then allided with a dock and a moored 2007 Pathfinder 24' vessel, Florida Registration Number FL2008NJ, which were

owned by Steven Piazza. The aforesaid collision and allision occurred in the navigable waters of the Intercoastal Waterway near Indian Rocks Beach, Pinellas County, Florida.

As a result of the collision, Linda Corrigan, David Corrigan, Flavio Irizarry, Warren Irizarry, Jason Irizarry, Gaylord Stanton and Lori Battisfore allegedly sustained injuries requiring medical care and attention, and the 24' Yamaha vessel, the 21' Grady White vessel, and the 24' Pathfinder vessel, and the dock at which the Pathfinder vessel was secured, sustained damage to their hulls and machinery and to the dock structure, which will require repair.

9. The incidents at issue and any ensuing damages, personal injury and property loss, were not caused by any fault of the 24' Yamaha vessel, its owners, or any person or entity for whose actions the owners are responsible. Neither the 24' Yamaha vessel, nor its owners, Petitioners, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, and damages occasioned and incurred by, or as a result of the incidents.

10. Petitioners further allege all losses, injury, and damages resulting from the incidents occurred as a result of actions, omissions, or conditions which Petitioners did not participate in, had no knowledge of, and had no reason to know about.

11. Petitioners, as owners of the 24' Yamaha vessel, should be exonerated of and from any liability for any losses, injury, or damage arising out of the incidents described above, as it was not caused by any neglect of Petitioners or the 24' Yamaha vessel.

12. Petitioners lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the incidents at issue.

13. Thus, and without admitting liability, in the event the 24' Yamaha vessel is held responsible to anyone by reason of the matters set forth above, Petitioners claim the benefit of the limitation of liability provided in 46 U.S.C.A. §§ 30501 *et seq.*

14. The 24' Yamaha vessel sustained damage to its hull and machinery in the incidents described herein, and has a post-casualty value of approximately $60,000.00 (see Ad Interim Stipulation for Value filed contemporaneously herewith).

15. Petitioners know of potential claims by Gaylord Stanton of Michian, Lori Battisfore of Clearwater, Florida, Flavio Irizarry of New Port Richey, Florida, Warren Irizarry of New Port Richey, Florida, Jason Irizarry of New Port Richey, Florida and Steven Piazza of Largo, Florida, and by healthcare providers in Pinellas County, Florida and Michigan, who provided medical care and treatment to Gaylord Stanton, Lori Battisfore, Flavio Irizarry, Warren Irizarry, and Jason Irizarry for injuries allegedly sustained in the incidents.

16. Petitioners allege the amount of damages associated with the potential claims may exceed the amount of his interest in the 24' Yamaha vessel.

17. The first written notice of claims arising from the incidents subject to limitation was a letter from counsel for Flavio Irizarry, Warren Irizarry, and Jason Irizarry dated September 25, 2019, and therefore this action is timely filed under the provisions of the Limitation Act, 46 U.S.C.A. §§ 30501 et seq.

18. Petitioners file, contemporaneously herewith, a Stipulation for Costs and an Ad Interim Stipulation for Value, in the appropriate form for the payment into Court of the amount of Petitioners' interest in the 24' Yamaha vessel, together with interest at the rate of 6% per annum from the date of said Stipulation, and for costs; and, in addition thereto, Petitioners are prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation for

Value as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure. (See; Ad Interim Stipulation for Costs and the Ad Interim Stipulation for Value filed contemporaneously herewith.)

WHEREFORE, Petitioners, as owners of the 24' Yamaha vessel, respectfully requests:

A.   Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, this Honorable Court direct the Clerk of Court to issue the proposed notice filed by Petitioners herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, or destruction, with respect to which Petitioners seek exoneration from or limitation of liability, to file their respective claims with the Clerk of this Court and to serve on Petitioners' attorney a copy thereof, on or before the date specified in the notice;

B.   Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, the Court issue the proposed Injunction filed by Petitioners herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioners, the 24' Yamaha vessel, and/or any of Petitioners' property, with respect to any claim for which Petitioners seek limitation, including any claim arising out of or connected with any loss, injuries, damage, or destruction resulting from the incidents described in the Complaint;

C.   If any claimant who shall have filed a claim shall also file an exception contesting the value of the 24' Yamaha vessel or its pending freight, if any, as alleged herein, and the amount of the Ad Interim Stipulation for Value as aforesaid, this Court shall cause due appraisement to be had of the value of the 24' Yamaha vessel following the casualties and of

the value of Petitioners' interest therein and pending freight, if any, and in which event this Court shall enter an order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioners' interest in the 24' Yamaha vessel and its pending freight, if any;

D. This Court adjudge Petitioners, and the 24' Yamaha vessel, not liable to any extent whatsoever for any losses, injuries, damages or destruction, or for any claim whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioners are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interest in the 24' Yamaha vessel, and may be divided pro rata among such claimants, and that a judgment be entered discharging Petitioners and the 24' Yamaha vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners and the 24' Yamaha vessel, or their property, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

E. This Court grant Petitioners such other and further relief that justice may require.

Dated: February 21, 2020.

Respectfully submitted.

_David F. Pope_
David F. Pope – FBN 164432
Service-dpope@bankerlopez.com
Eric C. Thiel – FBN 016267
Service-ethiel@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Attorneys for Petitioner